INA WALZLAGER SCHAEFFLER KG AND INA BEARING CO., INC., FAG KUGELFISCHER GEORG SCHÄFER AG, FAG BEARINGS CORP., SKF USA INC., SKF GMBH, PLAINTIFFS AND DEFENDANT-INTERVENORS v. UNITED STATES, DEFENDANT, AND TORRINGTON CO., DEFENDANT-INTERVENOR AND PLAINTIFF, AND NTN BEARING CORP. OF AMERICA AND NTN KUGELLAGERFABRIK (DEUTSCHLAND) GMBH, DEFENDANT-INTERVENORS

Consolidated Court No. 95–03–00318

(Dated September 29, 1997)

*Arent Fox Kintner Plotkin & Kahn (Stephen L. Gibson* and *Peter L. Sultan)* for plaintiff and defendant-intervenor INA.

*Grunfeld, Desiderio, Lebowitz & Silverman, LLP (Max F. Schutzman, Andrew B. Schroth* and *Mark E. Pardo)* for plaintiff and defendant-intervenor FAG.

*Howrey & Simon (Herbert C. Shelley, Alice A. Kipel, Anne Talbot* and *Patricia M. Steele)* for plaintiff and defendant-intervenor SKF.

*Stewart and Stewart (Terence P. Stewart, Wesley K. Caine, William A. Fennell, Geert De Prest* and *Lane S. Hurewitz)* for plaintiff and defendant-intervenor Torrington.

*Barnes, Richardson & Colburn (Donald J. Unger* and *Kazumune V. Kano)* for defendant-intervenor NTN.

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Velta A. Melnbrencis* and *Lucius B. Lau);* of counsel: *Myles S. Getlan, Mark A. Barnett, Michelle K. Behaylo, Stacy J. Ettinger, Thomas H. Fine, Dean A. Pinkert* and *David J. Ross,* Attorney-Advisors, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

## OPINION

TSOUCALAS, *Senior Judge:* On February 3, 1997, in *INA Walzlager Schaeffler KG v. United States,* 21 CIT 110, 957 F. Supp. 251 (1997), this Court remanded to the Department of Commerce, International Trade Administration ("Commerce"), the final determination concerning the fourth administrative review of the antidumping order on antifriction

bearings from Germany, entitled *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, et al.; Final Results of Antidumping Duty Administrative Reviews, Partial Termination of Administrative Reviews, and Revocation in Part of Antidumping Duty Orders*, 60 Fed. Reg. 10,900 (1995), as amended, *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Japan and Germany; Amendment to Final Results of Antidumping Duty Administrative Reviews*, 60 Fed. Reg. 10,967 (1995), as amended, *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France; Amendment to Final Results of Antidumping Duty Administrative Reviews and Recision of Partial Revocation of Antidumping Duty Order*, 60 Fed. Reg. 16,608 (1995). On remand, this Court instructed Commerce, *inter alia*, to: (1) deduct imputed interest for INA Walzlager Schaeffler KG and INA Bearing Company, Inc. (collectively "INA") credit expenses and inventory carrying expenses from constructed cost of production ("COP"); (2) adjust the profit calculation for INA for the differences between sales COP and constructed value ("CV") COP; (3) explain the circumstances in which Commerce will apply the reimbursement regulation in exporter's sales price ("ESP") situations. 21 CIT at 140, 957 F. Supp. at 276.

Commerce released draft remand results on May 6, 1996, and invited interested parties to comment. After receiving comments from The Torrington Company ("Torrington"), INA and SKF USA Inc. and SKF GmbH (collectively "SKF"), Commerce filed its *Final Results of Redetermination Pursuant to Court Remand, INA Walzlager Schaeffler KG, INA Bearing Company Inc., FAG Kugelfischer Georg Schäfer AG, FAG Bearings Corporation, SKF USA Inc. and SKF GmbH v. United States, Slip Op. 97–12 (Feb. 3, 1997) ("Remand Results")* (June 3, 1997).

Torrington alleges that, on remand, Commerce failed to implement the regulation regarding reimbursement of antidumping duties where it was warranted. Torrington asks that the Court remand the case once again to Commerce to either apply the reimbursement regulation on the basis of evidence already submitted, or to collect the necessary evidence. *Torrington's Comments on Commerce's Remand Results ("Torrington's Comments")* at 2.

INA contends that Commerce did not deduct imputed interest for credit expenses and inventory carrying expenses from constructed COP as ordered by the Court, and moves this Court for a remand to Commerce to fully adjust for the difference between sales COP and constructed COP in calculating and applying constructed value ("CV") profit for INA. *INA's Comments on Commerce's Remand Results ("INA's Comments")* at 2–8.

DISCUSSION

I. *Reimbursement of Duties:*

In *INA Walzlager*, this Court agreed with Commerce's determination that there was no evidence foreign producers reimbursed their United

States affiliates for antidumping duties in this case. 21 CIT at 132, 957 F. Supp. at 270. This Court nonetheless granted Commerce's request for a remand to address the narrow issue of when Commerce will apply its reimbursement regulation dealing with reimbursement of antidumping duties to ESP situations. *Id.*

On remand, Commerce explained that, pursuant to its policy, federal statute and previous decisions of this Court, Commerce will apply the reimbursement regulation "if record evidence demonstrates that the exporter directly pays antidumping duties for the importer or reimburses the importer for such duties in ESP situations." *Remand Results* at 15. Should a party be dissatisfied with Commerce's conclusion that no reimbursement occurred, the complaining party bears the burden of producing some link between the transfers of funds between related parties and reimbursement of antidumping duties before Commerce is required to commit resources to investigate the transfers. *Commerce's Rebuttal Comments to INA's and Torrington's Comments Regarding the Final Results of Redetermination Pursuant to Court Remand ("Commerce's Rebuttal")*, at 14–15 (citing *Torrington Co. v. United States*, 19 CIT 403, 409-10, 881 F. Supp. 622, 631–32 (1995)).

The Court has addressed this precise issue on numerous occasions, holding that the regulation does not impose upon Commerce an obligation to investigate transactions between a foreign manufacturer and a U.S. affiliate importer based on a mere allegation. *See, e.g., Torrington Co. v. United States*, 21 CIT 876, 878–79, Slip. Op. 97–106, at 6 (July 28, 1997); *see also Torrington Co. v. United States*, 21 CIT 251, 253, 960 F. Supp. 339, 342 (1997). Commerce's position in this matter has been consistently upheld and Commerce "has not changed its approach to the reimbursement regulation in a manner requiring a reopening of the administrative record." *Torrington*, 21 CIT at 878, Slip Op. 97–106, at 5.

The Court finds no reason to depart from its well-established position on this issue, as the facts of this case are identical to the cases discussed above. Consequently, Commerce's explanation of the circumstances under which it will apply its regulation regarding reimbursement of antidumping duties in ESP situations was proper and is affirmed.

II. *Deduction of Imputed Interest From Constructed Cost of Production and Adjustment of the Profit Calculation of INA for the Differences Between Sales COP and Constructed Value COP:*

On remand, this Court ordered Commerce to deduct imputed interest for INA's credit expenses and inventory carrying expenses from constructed COP[1] and to adjust the profit calculation of INA for the differences between sales COP and constructed value COP.

---

[1] There appears to be confusion regarding the meaning of the term "constructed COP" in *INA Walzlager. See INA's Comments to Commerce's Draft Remand Results* at 3 (May 13, 1997); *Remand Results* at 6. The Court clarifies that its reference to "constructed COP" in *INA Walzlager* refers to constructing a cost of production under 19 U.S.C. § 1677b(e)(1)(B) for the purposes of calculating CV. This is evident from the legal context in which the term appeared, specifically, the recalculation of CV profit for INA's cylindrical roller bearings. *INA Walzlager*, 21 CIT at 112, 957 F. Supp. at 255.

INA claims that Commerce did not comply with the Court's remand instructions, asserting that Commerce made only the *second* adjustment, adjusting the profit rate, and did not perform the *first* adjustment, deducting imputed interest from constructed COP. *INA's Comments* at 6. INA argues that Commerce should have either deducted imputed interest from constructed COP when adding sales COP-based profit or deducted imputed interest from sales value. *Id.*

INA's argument has no merit. This Court did not instruct Commerce to make any deductions from the sales value. Rather, this Court ordered Commerce to deduct imputed interest in determining the overall profit value for constructed COP, resulting in an adjustment of the profit rate. *See INA Walzlager*, 21 CIT at 118, 957 F. Supp. at 260. INA's own Comments Regarding Commerce's Draft Remand Results shed further light on why INA's argument is incorrect. INA claims that the calculation of the profit rate based on cost of production for calculating below-cost sales requires the *additional* deduction of credit expenses and inventory carrying costs from the *sales price*, and that the corrected profit rate based on sales COP must be multiplied by a stated factor before it is applied to the cost of production for calculating constructed value COP. *INA's Comments Regarding Commerce's Draft Remand Results* at 2. As the Court has clarified in this decision, on remand, Commerce was to make the deduction of imputed interest for constructed value COP and *not* from the sales price or from the cost of production for the purpose of determining below cost sales.

Even INA's papers support Commerce's argument that it complied with the Court's order on remand. In its submission to Commerce, INA argued the following:

> [I]n connection with the calculation of CV profit for comparisons involving further manufactured sales the Department did not adjust the profit rate calculated on the basis of sales COP, *but only adjusted constructed COP by deducting [imputed interest expenses and inventory carrying costs] from constructed COP for the application of the profit rate.*

*Id.* at 3 (emphasis added). Thus, it is clear that Commerce, in accordance with this Court's order, deducted imputed interest for INA's credit and inventory carrying expenses from COP and adjusted the profit calculation for the differences between sales COP and constructed value COP.

Although Commerce performed the necessary adjustments ordered by this Court, Commerce nonetheless argues that this Court's order to deduct imputed interest expenses and inventory carrying costs from COP for purposes of calculating CV profit is in apparent conflict with the Court's previous decision in *Aimcor Alabama Silicon, Inc. v. United States*, 19 CIT 966, Slip Op. 95–130 (July 20, 1995). In light of *Aimcor*, Commerce argues that the Court should reconsider this remand requirement. *Remand Results* at 6–7.

The Court concludes *Aimcor* is distinguishable from this case. *Aimcor* dealt with whether including imputed interest in the CV calculation ad-

justs the sale price for inflation, *Aimcor,* 19 CIT at 974, Slip Op. 95–130, at 12, whereas this case deals with Commerce's deduction of imputed interest from constructed COP for the purposes of calculating CV profit.

Commerce has performed the necessary deductions and subsequent calculations as ordered by the Court. INA has not submitted evidence to the contrary and, therefore, Commerce's methodology in the Remand Results is affirmed.

CONCLUSION

In accordance with the foregoing opinion, the Court finds that Commerce's Remand Results are consistent with law and supported by substantial evidence on the record. Consequently, Commerce's Remand Results are affirmed and this case is dismissed.